**LAW OFFICE OF JASON RABINOVICH, PLLC.**     *Attorneys for Syndcore Holdings LLC*
Jason Rabinovich, Esquire
Identification No. 308167
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Tel: (267) 423-4130
Fax: (610) 862-3764
E-mail: JasonRabinovich@jasonrabinovichlaw.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| JONATHAN P. BARGER, | Bankruptcy No: 19-10254-jkf |
| Debtor. | |

_____/

**SYNDCORE HOLDINGS, LLC'S BRIEF IN RESPONSE TO**
**JONATHAN BARGER'S SUPPLEMENTAL MEMORANDUM OF LAW IN**
**OPPOSITION OF SYNDCORE HOLDINGS, LLC FOR RELIEF FROM THE**
**AUTOMATIC STAY TO PERMIT SYNDCORE TO PURSUE ITS FORECLOSURE**
**ACTION ON 2505 ORTHODOX STREET, PHILADELPHIA, PENNSYLVANIA**

I.     **INTRODUCTION**

   Before the Court is Respondent's Supplemental Memorandum of Law in Opposition of Syndcore Holdings, LLC for Relief from the Automatic Stay to Permit Syndcore to Pursue its Foreclosure Action on 2505 Orthodox Street, Philadelphia, Pennsylvania (the "Property"), along with the response in opposition thereto of Syndcore Holdings, LLC. First, this submission by Debtor, Jonathan Barger ("Debtor"), is improper based on the Court's instructions. Second, Movant, Syndcore Holdings, LLC ("Movant") has met its initial burden of establishing the value of the collateral property, and Debtor has simply failed present evidence to the contrary. Finally, because Debtor offered no explanation for failing to have appraiser Robert Gessler ("Mr. Gessler") available at the January 2020 hearing, despite the Court ordering Debtor to provide such a written explanation within ten days of said hearing, it is improper to extend these

proceedings and have Mr. Gessler testify now when there is sufficient evidence of record for the Court to make a determination regarding the value of the Property.

## II. FACTS

This proceeding centers upon a commercial property owned by Debtor and located at 2505 Orthodox Street, Philadelphia, PA 19137 (the "Property"). In May 2017, Movant filed a mortgage foreclosure action against Debtor in the Court of Common Pleas of Philadelphia County to foreclose on the Property. Movant is the holder of the first mortgage and notes on the Property, of which Debtor has defaulted and remains in default. Additionally, the City of Philadelphia (the "City") holds tax and lien claims on the Property.

On July 17, 2018, as the Property was about to proceed to a sheriff's sale for unpaid tax liens, Debtor filed a Chapter 13 bankruptcy petition, Case No. 18-14725-jkf (the "2018 Case"). On December 12, 2018, the 2018 Case was dismissed based on Debtor's failure to make payments pursuant to his Chapter 13 Plan. Due to the 2018 Case, the sheriff's sale was postponed to January 16, 2019. On January 15, 2019—again on the eve of the scheduled sheriff's sale—Debtor filed the instant Chapter 13 bankruptcy case (the "2019 Case"). This is Debtor's third Chapter 13 bankruptcy proceeding before this Court.

On January 18, 2019, the City filed a Motion for Relief from the Automatic Stay pursuant to Sections 362(d)(2) and (d)(4) of the Bankruptcy Code. On or about May 9, 2019, the Court granted the City's Motion for Relief, allowing the City to proceed with the sheriff's sale. To avoid the sheriff's sale—again on the eve of the scheduled sale—Debtor paid approximately $48,000.00 in real estate taxes on the Property to the City. Debtor made this approximately $48,000.00 payment despite failing to show the availability of these funds in his bankruptcy filings and Schedules. The City still holds tax and lien claims in the amount of approximately $36,000.00.

Debtor has represented to the Court that the value of the Property is only $20,000.00. On June 4, 2019, the Court held a hearing and declined to qualify as an expert Bruce W. Stevens ("Mr. Stevens"), Debtor's proposed environmental expert, who prepared the assessment upon which Debtor bases the $20,000.00 valuation of the Property. At another hearing in January 2020, upon undersigned counsel's recollection, the Court gave Debtor ten days from the hearing date to submit a written explanation of why Debtor did not bring Mr. Gessler, a real estate appraiser, to the hearing if Debtor wished for Mr. Gessler to testify in this matter. No written explanation has been provided by Debtor. However, Movant has obtained a Broker's Opinion of Value, valuing the Property at $300,000.00 to $330,000.00 as of April 15, 2019 and presented credible expert witness testimony to corroborate the valuation.

Pursuant to the mortgage and notes, Debtor owes Movant $243,780.92 plus associated attorney's fees and court costs. Movant's security interest in the Property has been compromised because, despite the Court's direction in the 2018 bankruptcy Case, Debtor does not have insurance coverage for hazardous materials. Debtor conducts dangerous activities on the Property including but not limited to possession of hazardous substances on the Property and Debtor's use of the Property as a plating business.

### III.   ARGUMENT

#### A. Movant Has Adequately Established the Value of its Lien and the Value of the Collateral

Movant has submitted evidence—in the form of the first mortgage and notes on the Property—of its lien in the amount of $243,780.92, plus associated attorney's fees and court costs. Debtor does not dispute that Movant is the holder of the primary mortgage and notes.

Movant has also presented sufficient evidence establishing the value of the collateral Property. Based on the Brokers' Opinion of Value of Movant's expert, Christopher J. Hall ("Mr. Hall"), and Mr. Hall's credible testimony in front of this Court, the value of the Property is

3

approximately $300,000.00 to $330,000.00. Furthermore, as Mr. Hall noted during his testimony and in his expert report, the environmental report of Wells Fargo notes that significant remedial activities will be unnecessary provided the Property continues its current configuration and use as a site for industrial operation. Upon taking into account the applicable environmental issues, Movant's valuation of $254,230.92 is reasonable.

Mr. Hall's report provides an accurate valuation of the Property, taking into account the appropriate assumptions and limiting conditions set forth in his report. The report utilized the Sales Comparison Approach, which is a method of valuation that provides a basis of pricing expectation for a property through a comparison with comparable improved sales. Mr. Hall's report selected for comparison competitive properties that sold as close to the date of valuation of the subject Property as possible. (7 out of 10 sales in Mr. Hall's report were from 2018 and 2019, while the sales utilized in Mr. Stevens' report were from 2016 and 2017.) Upon completing the analysis, Mr. Hall arrived at a price expectation range of $300,000.00 to $330,000.00. Finally, Mr. Hall has extensive experience in the inspection and analysis of commercial, industrial, and residential real estate. Mr. Hall's wide-ranging applicable experience, technical training, and unique assignments provide support for the validity of his conclusion.

On June 4, 2019, the Court held a hearing addressing Debtor's Objection to Movant's Claim where it declined to qualify Mr. Stevens as an expert. Mr. Stevens presented an environmental report claiming that the cost of remediation for the Property would be $275,000.00. ECF No. 22-2, at 3. However, Mr. Stevens is a chemical engineer and had never produced Phase I or Phase II environmental reports, nor had he worked with a firm that performed environmental remediation. As such, the Court appropriately declined to certify Mr. Stevens as an environmental expert. Furthermore, because Debtor's appraisal by the Gessler Group—which valued the Property at $20,000.00—directly relied upon Mr. Stevens' report and

estimated remediation costs, the Court did not accept this $20,000.00 valuation. *See* ECF No. 22-1, at 3-4. Accordingly, the Court should accept Mr. Hall's valuation and testimony and, upon adjusting the valuation based on the Property's environmental concerns, find that the value of the Property is approximately $250,000.00 and that Movant is a secured creditor.

> B. **No Governmental Authority Has Ordered a Cleanup of the Property, and Any Cleanup That May Be Necessary Is Not of the Extent that it Would Devalue the Property from $300,000.00 to $20,000.00**

The second and third sections of Debtor's supplemental memorandum merely restate several environmental acts and an advisory opinion without providing any legal or credible factual arguments aside from the conclusory statement that "remediation of the property will be required." Debtor's Br. at 13–14. However, at this time, no governmental authority has ordered any cleanup of the Property. To the contrary, the environmental report of Wells Fargo notes that significant remedial activities will be unnecessary provided the Property continues its current configuration and use as a site for industrial operation. Furthermore, Movant's valuation of the Property appropriately takes into account any potential cleanup that is necessary by reducing Mr. Hall's valuation of $330,000.00–$300,000.00 to $254,230.92. Debtor has presented no evidence in support of his extreme assertion that the Property should be valued at $20,000.00. Instead, this appears to simply be an attempt by Debtor to defeat Movant's status as a secured creditor and to avoid his legal obligations.

> C. **Robert Gessler's Testimony is Inappropriate at this Point In The Proceedings When (1) Mr. Gessler had Multiple Opportunities to Testify Previously and (2) Mr. Gessler's Appraisal is Based Solely Upon the Report of Mr. Stevens—who this Court Previously Declined to Qualify as an Expert**

The time has far passed for debtor to present testimony from Mr. Gessler. At the hearing addressing the valuation of the Property in or about January 2020, upon undersigned counsel's recollection, the Court gave debtor ten days from the hearing date to submit a written explanation stating why Mr. Gessler was not present at the hearing to opine on the value of the Property. No

such written explanation—or even verbal reasoning—was ever provided to the Court or to undersigned counsel. At this point, Movant opposes Debtor's request that Mr. Gessler be allowed to testify—as the time has long passed for Debtor to present such testimony. Furthermore, even if Mr. Gessler's testimony were timely, it would not be useful in determining the value of the Property because the appraisal is entirely based on Mr. Stevens' report—which this Honorable Court has already excluded and/or disqualified. At this time, there is sufficient evidence of record to allow the Court to make a determination of the value of the Property without further proceedings, and Debtor should not be given yet another opportunity to unnecessarily extend this process further.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Movant respectfully requests that the Court deny Respondent's request to allow Robert Gessler to provide expert testimony in this matter and grant Movant's Motion for Relief from the Automatic Stay, along with any other such relief the Court finds just and proper.

                                                                    RESPECTFULLY SUBMITTED,
                                                                    **Law Office of Jason Rabinovich, PLLC**

                                                                     BY: _____
                                                                     Jason L Rabinovich, Esquire
                                                                     *Attorney for Movant Syndcore Holdings, LLC*

Dated:  March 18, 2020

## CERTIFICATE OF SERVICE

I hereby certify that I did cause a true and correct copy of Syndcore Holdings, LLC's Brief in Response to Respondent's Supplemental Memorandum of Law in Opposition of Syndcore Holdings, LLC for Relief from the Automatic Stay to Permit Syndcore to Pursue its Foreclosure Action on 2505 Orthodox Street, Philadelphia, Pennsylvania to be served via ECF e-filing upon all counsel of record on or about the date below.

                                            **Law Office of Jason Rabinovich, PLLC**

BY: _____
Jason L Rabinovich, Esquire
*Attorney for Movant Syndcore Holdings, LLC*

Dated: March 18, 2020