United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Jonathan P. Barger  
    Debtor

Case No. 19-10254-amc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: ChrissyW    Page 1 of 1    Date Rcvd: Sep 15, 2020  
Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 17, 2020.  
db      Jonathan P. Barger,    11 Anna Maria Ter,    Huntingdon Valley, PA   19006-1618

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.            TOTAL: 0

      ***** BYPASSED RECIPIENTS *****  
NONE.            TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 17, 2020           Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 15, 2020 at the address(es) listed below:

     ALAN B. KANE    on behalf of Plaintiff Jonathan P. Barger Akaneesqcpa@msn.com  
     ALAN B. KANE    on behalf of Debtor Jonathan P. Barger Akaneesqcpa@msn.com  
     CAROL E. MOMJIAN    on behalf of Creditor    Commonwealth of Pennsylvania, Department of Revenue cmomjian@attorneygeneral.gov  
     CAROL E. MOMJIAN    on behalf of Defendant    PA Department of Revenue cmomjian@attorneygeneral.gov  
     JASON L. RABINOVICH    on behalf of Defendant    Syndcore Holdings, LLC jasonrabinovich@jasonrabinovichlaw.com, jasonrabinovich@gmail.com  
     JASON L. RABINOVICH    on behalf of Creditor    Syndcore Holdings LLC jasonrabinovich@jasonrabinovichlaw.com, jasonrabinovich@gmail.com  
     KEVIN G. MCDONALD    on behalf of Creditor    Toyota Motor Credit Corporation bkgroup@kmllawgroup.com  
     MARTIN C. BRYCE, JR.    on behalf of Interested Party    WELLS FARGO BANK, N.A. bryce@ballardspahr.com  
     MARTIN C. BRYCE, JR.    on behalf of Interested Party Patricia   Miele bryce@ballardspahr.com  
     MEGAN N. HARPER    on behalf of Defendant    City of Philadelphia megan.harper@phila.gov, karena.blaylock@phila.gov  
     MEGAN N. HARPER    on behalf of Creditor    City of Philadelphia megan.harper@phila.gov, karena.blaylock@phila.gov  
     POLLY A. LANGDON    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ecfmail@readingch13.com  
     REBECCA ANN SOLARZ    on behalf of Creditor    Toyota Motor Credit Corporation bkgroup@kmllawgroup.com  
     SCOTT WATERMAN    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ECFmail@fredreiglech13.com  
     SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com  
     United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
           TOTAL: 16

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | CIVIL ACTION |
| JONATHAN P. BARGER, : | No. 20-1993 |
| : | |
| Debtor. : | |
| : | |

McHUGH, J.                                                                                                              August 5, 2020

**MEMORANDUM**

       This is an appeal of an Order in a pending bankruptcy proceeding that lifted the automatic stay. Appellant Jonathan P. Barger owns a commercial property located at 2505 Orthodox Street, Philadelphia, PA 19137. Appellee Syndcore Holdings, LLC filed a mortgage foreclosure action in May 2017 against the property. Appellant has filed for bankruptcy three times since the foreclosure action was initiated, and until now Appellee has been unable to follow through on the foreclosure due to the bankruptcy stay imposed upon the property. Appellee ultimately moved for relief from the stay, and in an Order dated April 8, 2020, the Bankruptcy Court granted Appellee's motion. I will affirm.

**I.    Standard of Review**

       "[I]n bankruptcy cases the district court sits as an appellate court." *In re Cohn*, 54 F.3d 1108, 1113 (3d Cir. 1995) (citing *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 84 (3d Cir. 1988)). A district court presiding over an appeal of a bankruptcy order "applies a clearly erroneous standard to findings of fact, conducts plenary review of conclusions of law, and must break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992) (citing *In re*

*Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3d Cir. 1989)). In considering witness testimony, "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *Corestates Bank, N.A. v. United Chem. Techs., Inc.*, 202 B.R. 33, 44 (E.D. Pa. 1996) (citing Federal Bankruptcy Rule of Civil Procedure 8013).

## II. Discussion

At the outset, I will note that the parties dispute the proper valuation of the property, which is relevant under 11 U.S.C. § 506 to determining whether Appellee's claim is secured or not for the purposes of the pending bankruptcy. Pursuant to the Bankruptcy Code, "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest" is secured "to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a)(1). Such a claim is unsecured, however, "to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim." *Id*.

The Third Circuit has adopted a burden-shifting framework applicable to disputes regarding the value of a secured claim. First, "[t]he initial burden should be on the party challenging a secured claim's value, because 11 U.S.C. § 502(a) and Bankruptcy Rule 3001(f) grant prima facie effect to the validity and amount of a properly filed claim." *In re Heritage*, 679 F.3d 132, 140 (3d Cir. 2012) (citations and quotations omitted). Next, "[i]f the movant establishes with sufficient evidence that the proof of claim overvalues a creditor's secured claim because the collateral is of insufficient value, the burden shifts. The creditor thereafter bears the ultimate burden of persuasion . . . to demonstrate by a preponderance of the evidence both the extent of its lien and the value of the collateral securing its claim." *Id*. (citations and quotations omitted).

The debtor, Mr. Barger, argues that the property's true value is only $20,000, once the cost of allegedly necessary environmental remediation is accounted for. In contrast, the creditor, Syndcore, argues that the property is appropriately valued at $254,230.92. There is no dispute as to the value of Appellee's lien on the property, which is $243,789.92.

On this record, Appellant cannot even meet his initial burden in disputing the Appellee's claim. In providing the $20,000 figure, Appellant relies on the opinions of two experts that were proposed in the proceeding below, one an environmental expert and one a certified appraiser. But the Bankruptcy Court declined to qualify them. It did, however, qualify Appellee's expert, real estate broker Christopher J. Hall, who testified before the Court that the value of the property lies somewhere between $300,000 to $330,000, which Appellee then discounted to take into account potential environmental liabilities. Appellant has not provided any rationale sufficiently compelling to demonstrate that the Bankruptcy Court's decision to credit Mr. Hall's testimony is clearly erroneous, particularly in light of the deference I must give the Court in its assessment of witnesses' credibility.

The debtor attempts to discredit Mr. Hall through quoting excerpts of his testimony where he concedes he does not have special expertise or certifications in reviewing environmental reports, thus trying to draw an inference that Mr. Hall did not adequately take the property's environmental conditions into account in computing his estimate. In its response, however, Appellee notes that Mr. Hall reviewed a report from Wells Fargo which took note of elevated levels of soil contaminants, and after doing so determined that significant remediation would be unnecessary assuming the property continued to be used for industrial operations.[1]

---

[1] Appellant attempts to invoke Pennsylvania's Hazardous Sites Cleanup Act in support of his remediation argument, but the Act is primarily concerned with contamination of water supplies and the dispersal of harmful materials through the environment that pose a threat to public health. *See* P.S. § 6020.102; *Trinity Industries, Inc. v. Greenlease Holding Company*, 903 F.3d 333, 348 (3d Cir. 2018) (noting HSCA was enacted "to provide additional

This finding is not inconsistent with the language of Mr. Hall's report that Appellant quotes in his brief, stating "[a]ll conclusions are predicated on the assumption that there is no such [hazardous] material on or in the property **that would cause a loss in value**." Appellant Br. at 4, ECF 4 (emphasis added). Nevertheless, in calculating its final estimate of $254,230.92, Appellee ultimately did depart downward from Mr. Hall's range of estimates after further discounting the property's value due to its environmental issues. Appellee Br. at 6, ECF 6. I cannot say that the Bankruptcy Court's acceptance of this testimony was erroneous. Consequently, I will not overturn the Bankruptcy Court's adoption of Appellee's estimate for the property, with the result that Appellee is a secured creditor.

With this background in mind, I now turn to the dispositive question in this appeal, whether the Bankruptcy Court was correct in granting Appellee's motion for relief from the bankruptcy stay. The criteria for granting relief from a bankruptcy stay is set out in 11 U.S.C. § 302(d):

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay: (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

Cause is not given further definition within Section 362(d), and so courts are left "to consider what constitutes cause based on the totality of the circumstances in each particular case." *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997) (citing *Trident Assocs. v. Metropolitan Life Ins. Co. (In re Trident Assocs.)*, 52 F.3d 127 (6th Cir. 1995)).

---

statutory tools to deal with the improper disposal of hazardous waste within the Commonwealth"). Appellant quotes from a report that reveals elevated levels of soil contaminants at the property, but does not go into any depth as to how the contamination would rise to the level of hazard contemplated by the Act.

Here the creditor argues that its interest in the property is not adequately protected because the debtor does not carry insurance that would cover claims arising out of the hazardous materials on the property, which is used as a metal plating business. Bankruptcy courts have held that lack of property insurance can provide cause for lifting a bankruptcy stay under § 302(d). "A secured creditor lacks adequate protection if there is a threat of a decline in the value of the property . . . A threat of decline includes failure to maintain property insurance." *In re Pinto*, 191 B.R. 610, 612 (Bankr. D.N.J. 1996) (citing *In re Elmira Litho, Inc.,* 174 B.R. 892, 902 n.9 (Bankr. S.D.N.Y. 1994)); *see also In re Jones,* 189 B.R. 13, 15 (Bankr. E.D. Okla. 1995). Moreover, Appellant had been directed by the Bankruptcy Court in one of his earlier bankruptcy filings to obtain insurance for the hazardous materials, which he failed to accomplish.[2] If there were an accident involving the materials, the value of the property could, in fact, be significantly diminished, and without insurance, Appellee's interest in the property would be impaired. Consequently, I will affirm the Bankruptcy Court's determination that there is cause to relieve Syndcore from the stay, due to the lack of adequate protection of its interest in the property.

### III. Conclusion

For the reasons set forth above, the Bankruptcy Court's Order granting Appellee's relief from the bankruptcy stay will be affirmed. An appropriate Order follows.

/s/ Gerald Austin McHugh
United States District Judge

---

[2] In an earlier submission to the Bankruptcy Court, Appellee explained that the insurance industry has adopted an exclusion for most damages caused by hazardous waste under general liability insurance policies, and such an exclusion has been upheld and enforced by courts. *See Transamerica Ins. Co. v. Thomas M. Durkin & Sons, Inc.*, 1991 WL 206765, at *8-11 (E.D. Pa. Oct. 1 1991); *see also Bituminous Cas. Corp. v. Hems*, 2007 WL 1545641, at *8 (E.D. Pa. May 8, 2007).